IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| FLOYD HEALTHCARE MANAGEMENT, INC. d/b/a FLOYD MEDICAL CENTER, | * * * |
| Plaintiff, | * |
| vs. | * |
| NATIONWIDE PROPERTY and CASUALTY INSURANCE COMPANY, | * *   CASE NO. 4:11-CV-64 (CDL) * |
| Defendant/Third-Party Plaintiff, | * |
| vs. | * |
| EDWARD JARRELL, | * |
| Third-Party Defendant. | * |

## O R D E R

Plaintiff Floyd Healthcare Management, Inc. d/b/a Floyd Medical Center ("Floyd Medical") filed this action in the Superior Court of Muscogee County, Georgia against Defendant Nationwide Property and Casualty Insurance Company ("Nationwide"), claiming it is entitled to enforce a hospital lien against Nationwide for treatment provided to Third-Party Defendant Edward Jarrell ("Jarrell"). Nationwide removed the action to this Court on the basis of diversity of citizenship jurisdiction. Nationwide subsequently filed a Third-Party Complaint against Jarrell, seeking indemnification for any

liability arising from the hospital lien. The Court finds *sua sponte* that it does not have subject matter jurisdiction over the action, and therefore remands this entire action, including the Third-Party claim, to the Superior Court of Muscogee County.

DISCUSSION

Although Floyd Medical has not filed a motion to remand, the Court has an independent obligation to determine whether it has jurisdiction. *See FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction"), *overruled in part on other grounds by City of Littleton, Colo. v. Z.J. Gifts D-4, LLC*, 541 U.S. 774 (2004); *accord Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[A] federal court must inquire *sua sponte* into the issue whenever it appears that jurisdiction may be lacking."). A district court has subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). It is undisputed that the parties here are diverse. The only question is whether the $75,000 amount-in-controversy requirement has been met.

In its Complaint, Floyd Medical alleges that it billed $83,394.75 for the services rendered to Jarrell, that Floyd Medical had a hospital lien against any judgment or settlement

Jarrell might receive, that Nationwide settled a claim with Jarrell and made payment to him and his attorney in an unstated amount, and that Nationwide "owes Plaintiff . . . $83,394.75 for the medical services provided to Edward Jarrell by virtue of the hospital liens filed against any recover[y], pursuant to the Georgia hospital lien statute." Notice of Removal Ex. A, Compl. ¶¶ 7-11, ECF No. 1-2 at 4-5 of 24. Although the Complaint is silent as to the amount of the Nationwide settlement with Jarrell, it is undisputed that the settlement amount was $50,000 and that the maximum possible recovery by Floyd Medical is $50,000 plus reasonable litigation costs. Def.'s Consolidated Resp. in Opp'n to Pl.'s Mot. for Partial Summ. J. & Br. in Supp. of Def.'s Cross Mot. for Summ. J. 17, ECF No. 23; Pl.'s Consolidated Reply to Def.'s Resp. in Opp'n to Pl.'s Mot. for Partial Summ. J. & Resp. to Def.'s Mot. for Summ. J. 10, ECF No. 30; *see also* Third Party Compl. Ex. A, General Release, ECF No. 2-2 (noting Jarrell settled with Nationwide for $50,000). It is also undisputed that the reasonable litigation costs are substantially less than $25,000.[1] Therefore, the maximum amount that Floyd Medical is entitled to recover in this action is less than $75,000.

---

[1] In its response to Nationwide's motion for summary judgment, Floyd Medical submitted a request for fees in the amount of $4,340. No one suggests that at the time the notice of removal was filed that the anticipated fees would be substantially more than this amount.

3

As a general rule, a plaintiff's specific *ad damnum* clause in its complaint controls the amount-in-controversy determination. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314-15 (11th Cir. 2002). Great weight is given to the plaintiff's assessment of the value of its case. *Id.* at 1314. Therefore, when the complaint specifically seeks damages in excess of $75,000, "a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy *unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed.*" *Id.* at 1315 (emphasis added) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997)).

In the present case, Floyd Medical seeks to recover from Nationwide the amount that Nationwide paid to Jarrell when it settled Jarrell's claim. *See* Compl. ¶ 8 (asserting Floyd Medical "filed hospital liens in accordance with O.C.G.A. § 44-14-470 against any judgment or settlement amount Mr. Jarrell might receive as a result of the injuries sustained in the accident."); O.C.G.A. § 44-14-470(b) (providing the hospital "lien *shall be upon any and all causes of action* accruing to the person to whom the care was furnished" and that "[t]he lien provided for in this subsection is *only a lien against such causes of action* and shall not be a lien against such injured person") (emphasis added). It is undisputed today,

4

was undisputed at the time of removal, and was undisputed at the time this action was originally filed in the state court that Nationwide paid Jarrell $50,000. Therefore, notwithstanding Floyd Medical's claim in its Complaint, it appears to a legal certainty that Floyd Medical cannot recover the amount sought therein, $83,394.75. The true and undisputed amount in controversy is (and always has been) $50,000. Accordingly, the amount-in-controversy requirement is not met, and this Court does not have subject matter jurisdiction over this action.

## CONCLUSION

Because the amount-in-controversy in this action does not exceed $75,000, the Court does not have subject matter jurisdiction. The Clerk is therefore directed to remand this action, including Nationwide's Third-Party Claim against Jarrell, to the Superior Court of Muscogee County, Georgia.[2] All pending motions in this Court shall be terminated.

IT IS SO ORDERED, this 18th day of April, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[2] The Court finds it appropriate to include the Third-Party claim in the remand because that claim is a state-law indemnification claim for less than $75,000, which is partly dependent upon the outcome of the main claim in the action; and thus exercising supplemental jurisdiction in this Court over such a Third-Party claim when the Court has no jurisdiction over the main claim is not warranted.